UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID FITZROY LARKINS,

                          Plaintiff,                No. 06-CV-6222 CJS

-vs-

CALVIN WEST, et al.,

                        Defendants.
_____

## INTRODUCTION

This is an action pursuant to 42 U.S.C. § 1983 ("Section 1983")  in which plaintiff David Larkins ("Plaintiff"), a prison inmate in the custody of the New York Department of Corrections Services ("DOCS"), is claiming that Defendants violated his constitutional rights. Now before the Court is Defendants' motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("FRCP") 12(c).  For the reasons that follow, the application is granted.

## BACKGROUND

Unless otherwise noted, the following facts are taken from the Complaint [#1] in this action.[1]  On November 19, 2003, while Plaintiff was housed at Elmira Correctional Facility ("Elmira"), he was assaulted by several corrections officers.  Subsequently, the

---

[1] "In considering a motion under Fed.R.Civ.P. 12(b)(6) to dismiss a complaint for failure to state a claim on which relief can be granted, the district court is normally required to look only to the allegations on the face of the complaint. If, on such a motion, 'matters outside the pleading are presented to and not excluded by the court,' the court should normally treat the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56. Fed.R.Civ.P. 12(b) . . . .   In certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6). Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered. In addition, even if not attached or incorporated by reference, a document upon which the complaint solely relies and which is integral to the complaint may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citations and internal quotations omitted).

1

corrections officers issued false misbehavior reports against Plaintiff, and offered false evidence against him during disciplinary hearings. More specifically, following the incident on November 19, 2003, Plaintiff was issued two misbehavior reports, and two separate disciplinary hearings were conducted. The first hearing was completed on December 11, 2003, and the second hearing was completed on December 16, 2003. Plaintiff was found guilty at both hearings. Plaintiff appealed both determinations to the facility superintendent, who affirmed the convictions. Plaintiff then appealed both convictions to former Commissioner Goord. However, Goord did not personally review the appeals. Instead, in both instances Plaintiff's convictions were affirmed on Goord's behalf by Robert J.Murphy ("Murphy"), Acting Director, Special Housing/Inmate Disciplinary Program.

  On May 2, 2006, Plaintiff commenced the instant action against the DOCS employees that he believes were responsible for the alleged assault and the false disciplinary proceedings. In addition, Plaintiff has sued Glenn S. Goord ("Goord"), the former DOCS Commissioner. The Complaint does not allege that Goord participated directly in the assault or the disciplinary proceedings. Instead, the Complaint alleges that Goord conspired with the other Defendants to violate Plaintiff's rights.

  In that regard, Plaintiff alleges that the assault and false disciplinary proceedings were the result of animosity that Defendants harbored toward him, due to complaints that he had lodged against them at Eastern Correctional Facility ("Eastern") some fifteen years earlier. Specifically, the Complaint states, in relevant part:

> It is vital that the fact of your plaintiff having a documented history of complaints against this particular group of C.O.s, who work in Eastern Corr. Fac. between 1985-87. It was during your plaintiff's placement at that

2

>facility that these protestations against abusive conduct was initiated.
>
> ***
>
>Your plaintiff addressed his appeals [of his December 2003 disciplinary hearing convictions] to the defendant Glenn S. Goord, the Commissioner of [DOCS]. Thereby, in addition to my formal complaints notice of the retaliatory nature of these matters was given. It is also the recollection of your plaintiff that Commissioner Goord had also worked in the Eastern Correctional Facility during 1985-87. At that time Mr. Goord also served in a supervisory position over his subordinates, and had notice of your plaintiff's complaints. The mere fact of all these incidents in the record of your plaintiff being related to C.O.s associated with or directly [sic] of the group from Eastern is too coincidental.

(Complaint [#1], pp. 8, 11). Plaintiff has sued all of the Defendants in their individual and official capacities, and seeks money damages.

Subsequently, Defendants filed the subject motion for partial judgment on the pleadings, seeking two forms of relief. First, Defendants maintain that the official capacity claims must be dismissed. Second, Goord contends that the claim against him must be dismissed, because the Complaint does not allege that he was personally involved in the alleged constitutional violations. In response [#27], Plaintiff does not challenge the dismissal of the official capacity claims. However, Plaintiff opposes Goord's application, by stating, in relevant part:

>The motion should be denied because the defendant Glenn S. Goord shares the same culpable state of mind as his co-defendants. The deliberate indifference displayed by this defendant bespeaks of a unified intent to inflict physical, mental, and spiritual disrepair on the person of the plaintiff.
>
> ***
>
>The overall conspiracy entered into by the defendants is hinged on the fact that these defendants belong to the 'group' that trained at Eastern Correctional Facility between 1985 and 1987.
>
> ***
>
>[T]he defendant has been aware of these conditions long before this action's initiation, and has failed to make corrective measures.

(Larkins Affidavit [#27] pp. 2-3) (citations omitted).

ANALYSIS

When "deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6)." *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). As recently clarified by the U.S. Supreme Court, the standard to be applied to a 12(b)(6) motion is clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, No. 05-1126, — U.S. —, 127 S.Ct. 1955, 1964-65 (May 21, 2007); *see also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.) When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d at 56. Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his

submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

Plaintiff is suing pursuant to 42 U.S.C. § 1983, and the legal principles applicable to such claims are well settled:

> In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal right. See, *e.g., Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Additionally, "[i]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977).
> 
> ***
> 
> An individual cannot be held liable for damages under § 1983 "merely because he held a high position of authority," but can be held liable if he was personally involved in the alleged deprivation. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir.1996). Personal involvement can be shown by: evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995).

*Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122, 127 (2d Cir. 2004).

At the outset, the official capacity claims are dismissed, as the parties agree that they are improper in this action. Additionally, the Court finds that Goord is entitled to judgment on the pleadings, since Plaintiff has not plausibly pleaded that Goord was personally involved in the alleged constitutional violations. In that regard, Plaintiff maintains that Goord was aware of, and failed to remedy, the alleged constitutional violations. Plaintiff's factual allegations in support of that claim are that Goord became aware of the alleged violations through Plaintiff's appeals of his disciplinary convictions,

and that Goord was somehow connected to the defendant Corrections Officers , as a result of having worked with them at Eastern Correctional Facility in the mid-Eighties. However, Plaintiff's submissions indicate that Goord was not personally involved in reviewing his disciplinary appeals.  Moreover, Plaintiff's conclusory claims regarding an alleged conspiracy between Goord and the other defendants are merely speculative, not plausible.  The Court therefore finds that the Complaint fails to state a claim that Goord was personally involved in the alleged constitutional violations.

## CONCLUSION

For the foregoing reasons, Defendant's motion for partial judgment on the pleadings [#25] is granted.  The official capacity claims against all Defendants, as well as all claims against Glenn S. Goord, are dismissed.

SO ORDERED.

Dated: Rochester, New York
        October 2, 2008                ENTER:


                                         /s/ Charles J. Siragusa
                                         CHARLES J. SIRAGUSA
                                         United States District Judge