UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID FITZROY LARKINS,

                       Plaintiff           ORDER

-vs-

                                        06-CV-6222 CJS

CALVIN WEST, et al.,

                       Defendants
_____

On July 17, 2009, the Court issued a Decision and Order [#37] dismissing this action for failure to prosecute. In that regard, when Plaintiff commenced this action he was in the custody of the New York State Department of Correctional Services. Subsequently, Plaintiff learned that he would be paroled in April 2009. On April 7, 2009, the Honorable Jonathan W. Feldman, United States Magistrate Judge, held a telephone conference with the parties, and subsequently issued an Order [#33], which, *inter alia*, noted that Plaintiff would be released on parole, and directed Plaintiff to provide the Court with his new address. (Order [#33]) ("Plaintiff expects to be released from DOCS custody and placed in New York State Parole supervision within the next few days. Plaintiff agrees to notify the Clerk of the Court in writing as to his new parole or mailing address.").

On April 15, 2009, Plaintiff was released on parole. On May 13, 2009, Defendants moved to dismiss the action for failure to prosecute, since Plaintiff had not provided the Court with his address. The Court issued a Motion Scheduling Order [#37] directing Plaintiff to respond by June 30, 2009. However, the order was returned as undeliverable since Plaintiff had not provided the Court with his address. On July 17, 2009, the Court dismissed the action for failure to prosecute.

On July 30, 2009, the Court received a letter [#39] from Plaintiff, which the Court

1

construes as a motion for reconsideration. Plaintiff states that his failure to provide the Court with his address was due to the fact that, following his parole, he was assigned to two different transitional housing placements, and "could not get situated enough to make this contact letter." Defendants did not respond to Plaintiff's motion.

DISCUSSION

The Court will treat Plaintiff's application as a motion for relief from judgment under Federal Rule of Civil Procedure ("FRCP") 60(b), on the grounds of excusable neglect. *See, Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (Treating a motion filed within ten days after judgment as being made under Rule 60(b), not Rule 59(e), since Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures[.]").

Dismissal for failure to prosecute may be warranted where a plaintiff fails "in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). In that regard, "[p]laintiff's duty to due diligence is imposed because of the strong policy favoring prompt disposition of cases. Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Id*. (Citations omitted); *see also, Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956) (Holding that, in ruling on a motion to dismiss for failure to prosecute, a court may consider the lack of prejudice to the defendant, "especially in cases of moderate or excusable neglect.") (superceded by Rule on other grounds).

In deciding Plaintiff's application, the Court has considered a number of factors. For example, at the time Defendants filed the motion to dismiss for failure to prosecute, Plaintiff was only one month late in providing his new address to the Court, and Defendants clearly

2

had not suffered any prejudice as a result of that brief delay. Further, although Plaintiff subsequently failed to contact the Court for another two months, the total delay here was only three months, and Defendants do not claim to have suffered any prejudice from such delay. Additionally, Plaintiff states, though in vague and conclusory fashion, that it was difficult for him to contact the Court because of conditions at the transitional locations where he was housed immediately following his release from prison.

On the other hand, this case involves more than a mere failure to prosecute. That is, Judge Feldman ordered Plaintiff to provide his new address to the Court, and Plaintiff failed to comply with that Order for more than three months, and has not provided a satisfactory explanation.

Considering all of the factors, that Court finds that Plaintiff has not shown good cause or excusable neglect for failing to comply with Judge Feldman's Order.

## CONCLUSION

Plaintiff's motion [#39] for reconsideration is denied. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: Rochester, New York
November 24, 2009       ENTER:

/s/ Charles J. Siragusa

CHARLES J. SIRAGUSA
United States District Judge